**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-1693**

───────────

YASIR ELSIR TAHA MOHAMED,

                                        Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                        Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-508-413)

───────────

Submitted:  September 24, 2004      Decided:  October 14, 2004

───────────

Before NIEMEYER, LUTTIG, and SHEDD, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Yasir ElSir Taha Mohamed, Petitioner Pro Se.  George William Maugans, III, Special Assistant United States Attorney, IMMIGRATION AND NATURALIZATION SERVICE, Baltimore, Maryland; Michele Yvette Francis Sarko, M. Jocelyn Lopez Wright, Gloria Minor, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yasir ElSir Taha Mohamed, a native and citizen of Sudan, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have reviewed the administrative record, the Board's order, and the IJ's decision and find substantial evidence supports the conclusion that Mohamed failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Elias-Zacarias, 502 U.S. at 483-84).

Additionally, we uphold the Board's denial of Mohamed's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As

Mohamed failed to establish refugee status, he cannot satisfy the higher standard necessary for withholding.

Finally, we conclude substantial evidence supports the IJ's determination that Mohamed did not establish it was more likely than not that he would be tortured if removed to Sudan, see 8 C.F.R. § 208.16(c)(2) (2004), and thus, that the IJ properly denied Mohamed's petition for protection under the CAT.

Accordingly, we deny Mohamed's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED